IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARILIN RODRÍGUEZ ALICEA<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO.: 22-1187 (MEL) |

**OPINION AND ORDER**

**I.     Procedural and Factual Background**

Pending before the court is Mrs. Marilin Rodríguez Alicea's ("Plaintiff") appeal from the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 10. On December 7, 2015, Plaintiff filed an application for Social Security benefits, alleging that she initially became unable to work due to disability on November 1, 2014 ("the onset date"). Tr. 26, 29. Before the onset date, Plaintiff worked as a "Data Entry Clerk" and a "Receptionist." Tr. 41. Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020. Tr. 29. Plaintiff's disability claim was denied on April 7, 2016, and upon subsequent reconsideration on August 17, 2016. Tr. 26, 931.  Thereafter, Plaintiff requested a hearing, which was held on October 9, 2018, before an Administrative Law Judge (the "ALJ"). Tr. 26. On December 31, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. *Id*. Thereafter, Plaintiff requested review of the ALJ's decision, and the Appeals Council remanded the decision requesting the ALJ to, among other things, further consider Plaintiff's residual functioning capacity ("RFC") and whether she can communicate in English. *Id*.

Upon remand on October 6, 2020, the ALJ held a telephone hearing "due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic" in which Plaintiff appeared and was represented by counsel. Tr. 26, 940. On December 24, 2020, the ALJ issued a written decision again finding that Plaintiff was not disabled. Tr. 43. After review of the ALJ's decision, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1. Plaintiff filed a complaint on April 22, 2022, challenging the ALJ's December 24, 2020, decision. ECF No. 1. The Commissioner opposed Plaintiff's challenge, and both parties have filed supporting memoranda. ECF Nos. 10, 13.

## II. Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

### B. Disability under the Social Security Act

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If she does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's RFC. *Id*. If the ALJ concludes that plaintiff's impairment or impairments do prevent her from performing her past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with her age,

education, and work experience, allows her to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### C. The ALJ's Decision

In the ALJ's December 2020 decision following remand, the ALJ found that Plaintiff met the insured status requirement of the Social Security Act through September 30, 2020. Tr. 29. At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the onset date of November 1, 2014, through the date last insured. *Id*. At step two, the ALJ determined that Plaintiff had the following severe impairments: "major depressive disorder, generalized anxiety disorder, fibromyalgia, chronic migraine, right carpal tunnel syndrome, venous insufficiency, high blood pressure, neuropathy, degenerative disc disorder, osteopenia, obstructive sleep apnea, and obesity." *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 29–32. Next, the ALJ determined that during the relevant period:

> [Plaintiff] had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She can sit for six hours, alternate to standing for three minutes after every two hours of sitting, stand and/or walk for six hours, alternate to sitting for two hours after every two hours of standing and/or walking. She can frequently reach[] overhead and in all other directions to the right. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, can never climb ladders, ropes, or scaffolds, and can frequently balance. She can never work at unprotected heights neither moving mechanical parts nor operating a motor vehicle . . . and can occasionally work in vibration. From a mental standpoint, the claimant can understand, remember and carryout instructions for simple, routine and repetitive tasks, but not at a production rate pace (e.g.[,] assembly line work). She can use judgment and deal with changes in

5

> the work setting for simple work-related decisions. She is able to interact with supervisors and coworkers frequently and with the public occasionally.

Tr. 32. At step four, the ALJ determined that during the relevant period, Plaintiff was unable to perform her past relevant work as either a "Data Entry Clerk" or a "Receptionist." Tr. 41. At step five, the ALJ presented Plaintiff's RFC limitations, as well as her age, education, and work experience to a vocational expert ("VE"). Tr. 42, 90–91. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: marker, checker, and router. Tr. 42–43, 90. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that Plaintiff was not disabled. Tr. 43.

**III.   Legal Analysis**

Plaintiff objects to the ALJ's denial of disability benefits after remand on three grounds. First, she argues that the ALJ committed error in the formulation of her RFC. Second, Plaintiff objects to the ALJ's step five determination, arguing it is unsupported. Third, Plaintiff contends that the Appeals Council committed egregious error after the ALJ's decision was rendered.

Before addressing these arguments in turn, the court addresses Plaintiff's Memorandum of Law generally. This brief is filled with significant errors made as a result of careless copying and pasting,[1] and this court has addressed Plaintiff's counsel about this issue as recent as July 2023. *Córdova v. Comm'r of Soc. Sec.*, No. CV 22-1177, 2023 WL 4758616, at *3 n.1 (D.P.R. July 26, 2023) ("Plaintiff's Memorandum of Law has a nontrivial number of factual errors and misstatements of the record and the ALJ's decision."). For example, Plaintiff's brief refers to

---

[1] In his brief, Plaintiff's counsel cites to the record only once. ECF No. 10 at 8. However, even this cite does not support his assertion. *Compare* ECF No. 10 at 8, *with* Tr. 65–66. Moreover, it appears that counsel copied into Plaintiff's brief an RFC not relevant to this case. *Compare* ECF No. 10 at 8 ("The ALJ went on to find that plaintiff had the residual functional capacity to lift and carry a maximum of 20 pounds, and 10 pounds frequently; stand and walk up to 2 hours in an 8-hour workday and sit up to 2 hours within the same period; and occasionally bend and crouch."), *with* Tr. 32 ("[P]laintiff can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She can . . . stand and/or walk for six hours, . . . She can occasionally . . . crouch . . . .")

another claimant by the name of "Mr. Mangini." ECF No. 10 at 9. This is not the first time this court has addressed Plaintiff's counsel about this issue. *Córdova*, 2023 WL 4758616, at *3 n.1 ("Plaintiff also refers to himself by the wrong name, calling himself 'Mr. Mangini' rather than José Ramón Ocasio Córdova."); *Pérez-Plaza v. Comm'r of Soc. Sec.*, No. CV 19-1145, 2021 WL 838415, at *6 n.4 (D.P.R. Mar. 4, 2021) ("It is not clear who Mr. Mangini is or why counsel refers to him."). Even more so, counsel continues to file briefs to this court with this careless mistake. Plaintiff's Memorandum of L. at 10, *Segundo-Méndez v. Comm'r of Soc. Sec.*, (D.P.R. 2022) (No. 22-01191).[2]

Along with this simple mistake, Plaintiff's counsel makes more baseless and confusing assertions throughout Plaintiff's brief, which will be addressed throughout this opinion. As a result, most of Plaintiff's arguments are waived. *Handford ex rel. I.H. v. Colvin*, 2014 WL 114173, at *11 (N.D. Ill. Jan. 10, 2014) (noting in a Social Security appeal, "perfunctory and undeveloped arguments" are deemed waived.); *Redondo–Borges v. Dept. of Housing and Urban Development*, 421 F.3d 1, 6 (1st Cir. 2005) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Rusli v. Mukasey*, 282 F. App'x 1 (1st Cir. 2008) (rejecting a challenge to an immigration judge's decision when the petitioner offered "a 'cut and paste' affair that appears to present the facts of another case-notably for a person of a different gender than Rusli, who had different experiences, in different years, and appeared before a different immigration judge."). Nonetheless, Plaintiff raises few arguments meriting further discussion, which the court addresses in turn.

---

[2] Defendant contends that counsel has copied this error and several of Plaintiff's arguments from the plaintiff's brief in *Mangini v. Apfel*, a Northern District of New York case. *Compare* ECF No. 10 at 9–10, *with* Plaintiff's Brief at 14–15, *Mangini v. Apfel*, (N.D.N.Y 2000) (No. 00-0548).

7

**A. Plaintiff has failed to demonstrate that the ALJ's RFC is unsupported.**

Plaintiff raises several objections regarding the ALJ's RFC determination. When formulating a claimant's RFC, the ALJ must base her determination on all relevant evidence, including a claimant's medical record, the medical opinions, and a claimant's descriptions of her limitations. 20 C.F.R. §§ 404.1545, 404.1546. A claimant's RFC is the most she can do despite limitations from her impairments. *Id*. The claimant bears the burden of providing evidence to establish how her impairments limit her RFC. 42 U.S.C. § 423(d)(5)(A); *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001). "An ALJ cannot rely on raw medical data; rather, she must look to physician's opinions to translate that evidence into functional terms." *Valentín-Rodríguez v. Comm'r of Soc. Sec.*, 2014 WL 2740410, at *7 (D.P.R. June 17, 2014).

Plaintiff primarily appears to argue that the ALJ's RFC determination is not supported. ECF No. 10 at 10. This argument fails because the ALJ cited to multiple medical opinions to formulate Plaintiff's RFC, all of which are expressed in the ALJ's decision. Tr. 32–40. In formulating Plaintiff's RFC, the ALJ cited to medical opinions of expert witness, clinical psychologist June Jiménez, treating psychiatrist Dr. Isis M. Sánchez Longo ("Dr. Sánchez"),[3] state agency medical consultant Dr. José González-Méndez, state agency medical consultant Dr. Brenda Concepción, and state agency medical consultant psychologist Luis Umpierre. Tr. 39–40, 732–740, 761–767. These medical professionals collectively opined that, among other things, while Plaintiff had both mental and physical limitations, she could still interact with others, carry out short and simple instructions, frequently lift and/or carry ten pounds, and stand and/or walk for six hours in an eight-hour workday. Tr. 38–40, 737–40, 761–765. Moreover, Plaintiff does not sufficiently explain why the ALJ should have disregarded any of these

---

[3] The ALJ did not rely fully rely on Dr. Sánchez's opinion. Tr. 39. Indeed, the ALJ gave little weight to Dr. Sánchez's opinion that Plaintiff was disabled to perform substantial gainful work. *Id*.

opinions. *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012) ("[D]oing [Plaintiff's] work for her is not an option, since that would divert precious judge-time from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules.").

Plaintiff further asserts, without citing to any evidence, that "the opinions of the treating physicians are all consistent and supportive of one another and, as such, were entitled to substantial weight. Indeed, the opinions were entitled to enhanced weight as they are both specialist." ECF No. 10 at 10. This argument is without merit for several reasons. First, Plaintiff fails to identify the treating physicians she is referring to. Second, Plaintiff cites to no evidence supporting this argument. On those reasons alone, this argument is undeveloped and therefore waived. *Redondo–Borges*, 421 F.3d at 6. Even if, for the sake of argument, Plaintiff cited to consistent, supportive opinions of treating rheumatologist Dr. Aixa Rivera Guasp ("Dr. Rivera") and treating psychiatrist Dr. Sánchez, that argument would not automatically succeed because the ALJ can give less weight to a treating physician's opinion if she has good reason to do so. *Pagán-Figueroa v. Comm'r of Soc. Sec.*, 623 F. Supp. 2d 206, 210-211 (D.P.R. 2009) (citing *Carrasco v. Comm'r of Soc. Sec.*, 528 F. Supp. 2d 17, 25 (D.P.R. 2007)). To be given controlling weight, the treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] record." *Polanco-Quinones v. Astrue*, No. 11-1618, 2012 WL 1502725, at *1 (1st Cir. May 1, 2012) (quoting 20 C.F.R. § 404.1527(d)(2)) (internal quotations omitted).

In this case, the ALJ did not give substantial weight to all of Dr. Rivera's opinion and part of Dr. Sanchéz's opinion because they were inconsistent with other substantial evidence in the record. Tr. 39–40. Further, Plaintiff does not specifically challenge any of the ALJ's reasons

9

as to why the treating physician's opinions were inconsistent with the record. Moreover, their medical opinions do not have to support one another because Dr. Rivera's opinion relates to Plaintiff's physical condition while Dr. Sánchez's opinion relates to Plaintiff's mental condition. Tr. 34, 37–38. Similarly, for the reasons explained above, a treating specialist's opinion may be discounted when it is inconsistent with the record. *Randy M. v. Kijakazi*, No. CV 20-329, 2021 WL 4551141, at *3 (D.R.I. Oct. 5, 2021) ("A medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, [is] not . . . persuasive regardless of who made the medical opinion." (quoting 82 Fed. Reg. at 5889) (internal quotations omitted)).

      Plaintiff appears to make a similar argument that the non-examining physicians' opinions should have been given less weight because their opinions were outdated by at least two years. ECF No. 10 at 9. Again, this assertion is undeveloped because Plaintiff cites to no evidence to support this argument or provides names of the non-examining physicians. *Id.* Without more information, it is also unclear whether Plaintiff is arguing that more recent evidence should have been taken into account even though it is outside of the period of insurability. If so, Plaintiff fails to explain why should the court take into account evidence beyond the time of coverage.

      Plaintiff also contends that the ALJ's RFC determination for a full range of light work was made "without consideration of the need for frequent changes in position and the effects of pain." ECF No. 10 at 7. However, Plaintiff cites no evidence in support of this assertion, and the ALJ's assessment does account for frequent changes in position. For example, the ALJ's RFC determination concluded that Plaintiff had postural limitations, but she could still alternate between standing, walking, and within a six-hour period. Tr. 32.[4]

---

[4] Plaintiff appears to make another argument that there was evidence not considered by the ALJ nor by a medical expert. ECF No. 10 at 10. However, Plaintiff fails to cite what evidence she is referring to. Accordingly, this argument is waived. *Rodriguez-Machado*, 700 F.3d at 50.

## B. Plaintiff has failed to demonstrate that the ALJ's step-five finding is unsupported.

Plaintiff argues that the ALJ erroneously concluded that there were alternative jobs of significant numbers in the national economy. Specifically, plaintiff asserts that the ALJ was required to describe "what made the numbers indicated by the [VE] to be 'significant' []or what entailed the 'national' economy." ECF No. 10 at 6. At step five, the Commissioner of Social Security bears the burden of proving "the existence of other jobs in the national economy that the claimant can perform." *Muñoz Cintrón v. Comm'r of Soc. Sec.*, No. CV 19-1526, 2021 WL 840905, at *5 (D.P.R. Mar. 5, 2021) (citing *Vega Valentín v. Astrue*, 725 F. Supp. 2d 264, 268 (D.P.R. 2010)) (internal quotations omitted).

Work exists in the national economy when work "exists in significant numbers either in the region where such individual lives or in several regions of the country." *Vélez Pantoja v. Astrue*, 786 F. Supp. 2d 464, 466 n.1 (D.P.R. 2010) (quoting 42 U.S.C. § 423(d)(2)(A)) (internal quotations omitted). The number of jobs which the VE identified was significant. In this case, the ALJ, considering Plaintiff's RFC, age, education, and work experience, asked the VE if any jobs existed in the national economy. Tr. 42, 89–90. In response, the VE testified that there were 387,000 jobs in which the ALJ accepted to conclude that Plaintiff could still work in the national economy. *Id*. Several courts have held figures much fewer than 387,000 to be significant. *Dashnaw v. Astrue*, No. 10-CV-456, 2011 WL 5040708, at *6 (D.N.H. Oct. 24 2011) ("The vocational expert testified that more than 30,000 positions exist in the national economy for the three sedentary jobs identified by the ALJ. That is a 'significant number' of jobs in the national economy."); *Vining vs. Astrue*, 720 F. Supp. 2d 126, 137 (D. Me. 2010) ("The figure of 11,000 jobs nationwide is in line with what courts have held to be a 'significant' number for purposes of

Step 5 analysis."); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (holding "200 jobs of addresser or document preparer in Iowa and 10,000 in the national economy" was sufficient for step five). Therefore, the ALJ's step-five finding was supported by substantial evidence and is not a basis for remand.

Next, Plaintiff argues that "the ALJ's first of two hypothetical questions to the VE was unspecific and suggestive: [']assuming claimant can do light work.'" ECF No. 10 at 8. This argument fails for several reasons. First, the ALJ's first hypothetical was not unspecific—it had many specifics, including that the individual could, among other things, stand and walk for six hours, frequently reach overhead, occasionally climb ramps, frequently balance, never work at unprotected heights, and never operate a motor vehicle. Tr. 89–90. Second, the first hypothetical posed to the VE was not cited or ultimately conclusive in the ALJ's opinion, so it is unclear as to why Plaintiff would challenge its adequacy. Third, suggestiveness is inherent to the type of questions posed by the ALJ to the VE. *Cruz-Guzmán v. Comm'r of Soc. Sec.*, No. CV 19-1974, 2021 WL 4755381 (D.P.R. Oct. 12, 2021).

In addition to having an issue with the ALJ's first hypothetical, Plaintiff contends that the ALJ's "second hypothetical question and answer were not discussed in the decision but provide[] a basis of a finding of disability." ECF No. 10 at 8. It is unclear what Plaintiff is alluding to because the second hypothetical's answer is the basis of the ALJ's step-five finding. Tr. 42. Moreover, Plaintiff fails to cite the record in challenging the second hypothetical's question or answer. Therefore, this claim is waived. *Rodriguez-Machado*, 700 F.3d at 50.

Plaintiff further contends that the hypotheticals presented to the VE were incomplete because they did not account for the need for frequent changes and the effects of pain. However, Plaintiff cites to no evidence as to why these limitations should have been included in the

hypotheticals. *Cólon v. Comm'r of Soc. Sec.*, No. CIV. 09-1840, 2012 WL 2327969, at *4 (D.P.R. June 19, 2012) ("The hypothetical question need only include those impairments and limitations found credible by the ALJ." (quoting *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (internal quotations omitted)).

### C. The Appeals Council need not address Plaintiff's arguments when it denied her request for review.

Finally, Plaintiff argues that an "egregious error[] of law" was committed when the Appeals Council "refused to address the arguments presented in the request for review of the ALJ's decision in spite of having received additional pertinent medical evidence which supported . . . [P]laintiff's complaints since before the date last insured." ECF No. 10 at 7. Plaintiff's argument cannot prosper. In interpreting the pertinent regulations, the United States Supreme Court has declared that "[t]he Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1481). However, while the First Circuit Court of Appeals recognizes that "the Appeals Council need not and often does not give reasons . . . it has been well established that a discretionary decision may be reviewable to the extent that it rests on an explicit mistake of law or other egregious error." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001) (agreeing with other circuits that "an Appeals Council denial of review is itself reviewable to some degree and in some limited circumstances."). Specifically, "an Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for this action." *Id*. While it is true that review of an ALJ's decision can only be based on the evidence presented before the ALJ, the Appeals Council may nevertheless make a mistake meriting correction when it refuses to consider new evidence presented to it after the ALJ's decision

"depending on the ground [the Appeals Council] gave." *Id*. Based on 42 U.S.C. § 405(g), "the Appeals Council is free to consider new material evidence regardless of whether there was good cause for not producing it earlier"; however, "the court is not free to order a remand absent such good cause." *Id*. at 5–6 (citing 42 U.S.C. § 405(g)).

Despite Plaintiff's arguments regarding "additional pertinent medical evidence," Plaintiff has not cited to any *specific* new medical evidence in the record which she brought to the attention of the Appeals Council's after the ALJ's decision had been rendered, nor does she explain how such evidence would have been material to the outcome of her claim. Nor does Plaintiff assert that there was good cause for submitting any new evidence not submitted to the ALJ. *Mills*, 244 F.3d at 5–6. Indeed, while the Appeals Council's "Notice of Appeals Council Action" acknowledges Plaintiff's arguments for why she disagrees with the ALJ's decision and notes that it received a "Request for Review of Hearing Decision/Order (HA 520) from Iris Miranda Rovira, Esq. dated February 22, 2021," it does not mention having received any new medical evidence from Plaintiff or her legal representation. Tr. 1, 5. As such, the Appeals Council was not required to provide reasons for its decision to reject Plaintiff's substantive arguments disagreeing with the decision of the ALJ, and Plaintiff has failed to show that she submitted new material evidence to the Appeals Council which it rejected on grounds which were egregiously mistaken. No remand is therefore warranted based on the Appeals Council's decision.

## IV.   Conclusion

Throughout nearly all of Plaintiff's arguments, "she is asking [the court] to do one of two things: accept what she says as gospel or mine the record . . . to confirm the truth of her story— and there is no reason for [the court] to do either." *Rodriguez-Machado*, 700 F.3d at 49.

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence and contained no legal error. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of September, 2023.

s/Marcos E. López  
U.S. Magistrate Judge